UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIBERTY ANNE WALDEN,

        Petitioner,                  Civil No. 2:22-CV-10341
                                                  HONORABLE VICTORIA A. ROBERTS

v.

JEREMY HOWARD,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Liberty Anne Walden, ("Petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges her conviction for one count of first-degree criminal sexual conduct (CSC-I), M.C.L.A. 750.520b, and four counts of second-degree criminal sexual conduct (CSC-II), M.C.L.A. 750.50c.

For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

**I. Background**

A jury convicted Petitioner in the Washtenaw County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

1

Two cases arose from separate incidents in which defendant sexually assaulted her daughter, AH,[1] when 10 and 11 years old. Defendant and AH's father, Christopher Hawk (Hawk), divorced during 2008. Following the divorce, AH and her siblings, KH and RH visited defendant on weekends. AH first disclosed sexual abuse after an incident at a Kroger store. Defendant and a male friend picked up the children on Friday evening, December 8, 2017, for a weekend visit with defendant. They stopped to pick up groceries at a local Kroger store. The children noticed that defendant smelled of alcohol. At the Kroger store, defendant had difficulty walking and needed KH's assistance but fell down and dragged KH down with her. Defendant sent KH and RH to select groceries while AH remained with defendant. AH testified that defendant came up behind her and fondled her breasts and vagina with her hands over AH's clothes while telling AH that she could have anything she wanted. When the other children returned, defendant stopped.

After leaving the Kroger store, AH became distraught, defendant and KH argued, and ultimately defendant dropped the children off back at their father's apartment. The next Monday, at school, AH confided with a respected teacher about the Kroger store incident which prompted the school guidance counselor to contact Child Protective Services which made a referral to the Child Advocacy Center where AH submitted to a forensic interview in which AH disclosed the Kroger incident and that on weekend visits with defendant, defendant had sexually abused her by inappropriately touching her breasts and vaginal area and once digitally penetrated her vagina. AH also disclosed that defendant's former boyfriend came into AH's bedroom at defendant's house and vaginally penetrated AH with his penis. The Child Advocacy Center referred AH to Dr. Bethany Mohr, a pediatric physician and clinical associate professor of the University of Michigan where she served as the Director of the Child Protection Team for a physical examination for diagnosis and potential treatment of the sexual abuse.

Detective Jessica Lowry of the Ypsilanti Police Department and then Detective Christopher Garrett, of the Ann Arbor Police Department, jointly investigated the allegations of incidents of sexual assaults within their respective jurisdictions. Based upon their investigation, the prosecution charged defendant with one count of CSC-I and multiple counts of CSC-II, and the prosecution charged defendant's boyfriend with CSC-I and CSC-II for sexually abusing AH.

---

[1] The Court refers to the victim by her initials only to preserve her privacy. *See* Fed. R. Civ. P. 5.2(a).

> Defendant's boyfriend ultimately pleaded no contest to CSC-II pursuant to a plea agreement.
>
> Defendant, however, chose to be tried by a jury. At the conclusion of her third trial, the jury found defendant guilty of one count of CSC-I and four counts of CSC-II.[2]

*People v. Walden*, No. 350422, 2021 WL 661855, *1–2 (Mich. Ct. App. Feb. 18, 2021), *lv. den.* 508 Mich. 895, 962 N.W.2d 298 (2021)(internal footnote omitted).

Petitioner seeks a writ of habeas corpus on the following grounds: (1) the trial court erred in allowing Dr. Mohr to testify on subjects beyond her area of expertise; Dr. Mohr was permitted to testify as to an ultimate issue of fact, in violation of M.R.E. 702, (2) the prosecutor committed misconduct and denied defendant a fair trial by vouching for the witness' credibility.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2]Petitioner's earlier trials ended in mistrials for various reasons.

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.,* at 103.

Petitioner's claims were reviewed under a plain error standard; the AEDPA deference applies to the plain-error analysis of a procedurally defaulted claim. *Stewart v. Trierweiler*, 867 F.3d 633, 638 (6th Cir. 2017).[3]

---

[3]Respondent urges this Court to procedurally default the claims. It is unnecessary to address the procedural default issue because the claims are without merit. *See Post v. Bradshaw*, 621 F.3d 406, 426 (6th Cir. 2010)("We need not address the procedural default issue, however, as the claim fails even under de novo review"); *Brown v. McKee*, 231 F. App'x 469, 477 (6th Cir. 2007)("Like the district court, however, we need not consider the question of procedural default because the claim can be dismissed as meritless.").

4

### III.  Discussion

**A.  Claim # 1.  The expert witness claim.**

Petitioner alleges that the trial court erred by permitting Dr. Mohr to vouch for AH's credibility, by suggesting that the sexual abuse occurred, by allowing Dr. Mohr to testify based on hearsay information she received from AH regarding the sexual abuse, and by permitting Dr. Mohr to testify about issues pertaining to the reasons behind sexual abuse victims' late disclosure of the sexual assault and her patients' experience of suicidal ideation.  Petitioner claims that these matters were outside the scope of Dr. Mohr's physical examination and expertise and went to the ultimate issue of fact for the jurors to determine, i.e. the credibility of the victim and Petitioner's guilt.

Respondent argues that to the extent that Petitioner alleges that the admission of this evidence violated the federal constitution, any such claim is unexhausted because Petitioner did not raise the expert witness claim as a violation of the federal constitution before the Michigan courts on her direct appeal.

The exhaustion requirement requires that a federal habeas petitioner fairly present the substance of each federal constitutional claim to state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). In order to exhaust state court remedies, a habeas petitioner must present his or her claim to the state courts as a federal constitutional issue. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)(internal citations omitted).  It is not enough that all the facts necessary to support the federal claim were presented to the state

5

courts, or that a somewhat similar state law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The mere similarity of claims between the state appeals and the federal habeas petition is insufficient for exhaustion purposes. *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

Petitioner did not raise this claim as a federal constitutional issue on her direct appeal. A habeas petitioner's failure to exhaust his or her state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). An unexhausted claim may be adjudicated by a federal court on habeas review if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. *Prather v. Rees,* 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2)(habeas petition may be denied on the merits despite the failure to exhaust state court remedies). A federal court should dismiss a non-federal or frivolous claim on the merits to save the state courts the useless review of meritless constitutional claims. *See Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991). Petitioner's claim is without merit; the Court chooses to adjudicate the claim on the merits.

The Supreme Court held that "'federal habeas corpus review does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). The Sixth Circuit noted that "[i]n a federal habeas corpus proceeding, it is not the province of a federal appellate court to review the decision of the state's highest court on purely state law." *Long v. Smith*, 663 F.2d 18, 23 (6th Cir. 1981). Thus, "[E]rrors by a state court in the admission of evidence are not cognizable in habeas

6

corpus proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir. 1994).

The admission of expert testimony in a state trial presents a question of state law which does not warrant federal habeas relief, unless the evidence violates due process or some other federal constitutional right. *See Keller v. Larkins,* 251 F.3d 408, 419 (3rd Cir. 2001). A federal district court cannot grant habeas relief on the admission of an expert witness' testimony in the absence of Supreme Court precedent which shows that the admission of that expert witness' testimony on a particular subject violates the federal constitution. *See Wilson v. Parker,* 515 F.3d 682, 705-06 (6th Cir. 2008).

Petitioner alleges that Dr. Mohr's testimony invaded the province of the jury by testifying to the ultimate issue of fact, namely, AH's credibility and Petitioner's guilt.

The Supreme Court has yet to hold that the federal constitution prohibits an expert from testifying about an ultimate issue to be resolved by the trier of fact. *Moses v. Payne*, 555 F.3d 742, 761 (9th Cir. 2009). In the absence of any Supreme Court caselaw to the contrary, the Michigan Court of Appeals' rejection of Petitioner's claim that the expert improperly testified concerning the ultimate legal issues in this case does not entitle her to habeas relief. *Id.*

Moreover, Dr. Mohr did not vouch for AH's credibility either directly or impliedly. She never gave an opinion regarding whether AH's allegations of sexual abuse were true. Dr. Mohr never testified that she believed Petitioner to be guilty. Dr. Mohr did not testify whether AH's behavior and statements were consistent with being a victim of sexual abuse.

*See People v. Walden*, 2021 WL 661855, at *5. Dr. Mohr considered the information that she received from AH only for its diagnostic use and to determine whether or not to conduct a physical examination of AH. Dr. Mohr's testimony on the issue of suicidal ideation was considered permissible by the Michigan Court of Appeals "because AH had a history of such which Dr. Mohr rightly considered to evaluate AH's ability to endure a physical examination of her genital area so as not to inflict AH with unnecessary and perhaps dangerous mental trauma." *Id.* The Michigan Court of Appeals concluded:

> Dr. Mohr's testimony regarding [the] sexual assault victim's behavior permitted the jury to determine whether AH's behavior was inconsistent with that of abuse victims. Further, Dr. Mohr testified after defendant's attack on AH's credibility and clarified that AH's behavior, such as late disclosure and suicidal ideation, could be considered by the jury as consistent with other victims of sexual abuse.

*Id.*, at *6.

In light of the deferential standard afforded to state courts under the AEDPA, the trial court's decision to permit Dr. Mohr to offer opinion evidence concerning the behavioral patterns of sexually abused children and the victim's behavior and demeanor was not contrary to clearly established federal law, so as to entitle Petitioner to habeas relief. *See e.g. Schoenberger v. Russell*, 290 F.3d 831, 835 (6th Cir. 2002)(application by state Court of Appeals of plain error standard in its determination to admit testimony of social workers and juvenile probation counselor regarding their beliefs as to whether minor abuse victims truthfully reported defendant's sexual abuse was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts, warranting denial of habeas relief; defense counsel

elicited such testimony during cross-examination, and similar testimony on direct was warranted after defense opened the door to victims' credibility). Petitioner is not entitled to relief on her first claim.

### B. Claim # 2. The prosecutorial misconduct claim.

Petitioner claims she was denied a fair trial when the prosecutor permitted Dr. Mohr to bolster AH's credibility.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo*, 416 U.S. at 643-45. To obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his or her prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 567 U.S. 37, 48 (2012)(quoting *Harrington*, 562 U.S. at 103).

Although Petitioner frames her claim as a prosecutorial-misconduct challenge, "it amounts in the end to a challenge to the trial court's decision to allow the introduction of

9

this evidence." *Webb v. Mitchell*, 586 F.3d 383, 397 (6th Cir. 2009). "A prosecutor may rely in good faith on evidentiary rulings made by the state trial judge and make arguments in reliance on those rulings." *Cristini v. McKee*, 526 F.3d 888, 900 (6th Cir. 2008). The Sixth Circuit indicated that "[t]he Supreme Court has never held (except perhaps within the capital sentencing context) that a state trial court's admission of *relevant* evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F.3d 536, 551 (6th Cir. 2012)(emphasis original).

The trial court judge ruled that Dr. Mohr could offer expert testimony in this case. On appeal, the Michigan Court of Appeals found this testimony to be relevant and admissible. A prosecutor does not commit misconduct by introducing evidence that is admissible under state law. *See Dufresne v. Palmer*, 876 F.3d 248, 261 (6th Cir. 2017). In any event, a prosecutor "does not commit misconduct by asking questions that elicit inadmissible evidence." *Id.* (quoting *Key v. Rapelje,* 634 F. App'x 141, 148 (6th Cir. 2015)). Petitioner is not entitled to relief on her second claim.

### IV.  Conclusion

The Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability to Petitioner. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability; she failed to make a substantial showing of the denial of a federal constitutional right. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002). However, although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous. An appeal could be taken in good faith; Petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## V.  ORDER

The Court **DENIES** the Petition for a Writ of Habeas Corpus and a Certificate of Appealability.

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: 2/17/2023